## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CASE NO.

Grady Scott,

     Plaintiff,

v.

Alliance CAS, LLC, and
Bella Nova Homeowners Association, Inc.,

     Defendants.

_____/

**COMPLAINT AND TRIAL BY JURY DEMAND**

### NATURE OF ACTION

1.    Plaintiff Grady Scott ("Plaintiff") brings this action against Alliance CAS, LLC ("Alliance") and Bella Nova Homeowners Association, Inc., ("Bella Nova") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*.

### JURISDICTION, STANDING, AND VENUE

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3.    Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendant that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and thus "may

1

'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5.      Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6.      The FDCPA is described as a strict liability statute which "typically subjects debt collectors to liability even when violations are not knowing or intentional." *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).

7.      "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." *Lewis v. Marinosci Law Grp., P.C.*, No. 13-61676-CIV, 2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013).

8. The Eleventh Circuit applies the "least sophisticated consumer" standard to determine whether a debt collector's communication violates the FDCPA. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985).

9. This objective standard does not consider "whether the particular plaintiff-consumer was deceived or misled; instead, the question is 'whether the 'least sophisticated consumer' would have been deceived' by the debt collector's conduct." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014) (quoting *Jeter*, 760 F.2d at 1177 n.11)).

### THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

10. Similarly, the FCCPA, Florida's consumer protection statute, was enacted as a means of regulating the activities of consumer collection agencies within the state. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010).

11. "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509, 512 (Fla. 1st Dist. App. 2007) (quoting *Harris v. Beneficial Fin. Co. of Jacksonville*, 338 So. 2d 196, 200-01 (Fla. 1976)).

12. "The FCCPA is to be construed in a manner that is protective of the consumer." *Id.* With this in mind, the FCCPA is meant to be read, "in addition to the requirements and regulations of the federal act [the FDCPA]. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail." Fla. Stat. § 559.552.

13. In addition to actual and statutory damages, the FCCPA also provides for punitive damages. "It clearly appears to have been the intent of the Legislature to provide a

remedy for a class of injury where damages are difficult to prove and at the same time provide a penalty to dissuade parties . . . from engaging in collection practices which may have been heretofore tolerated industry wide." *Laughlin*, 969 So. 2d at 513 (quoting *Harris*, 338 So. 2d at 200).

## PARTIES

14.     Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Polk, and City of Davenport.

15.     Plaintiff is a veteran that served as a combat medic for the United States Military from 1987-1998, including overseas in the Middle East during the Gulf War.

16.     Plaintiff received an honorable discharge from the United States Military in 1998.

17.     Due to his service to this country, Plaintiff suffers from Post-Traumatic Stress Disorder (PTSD).

18.     Plaintiff's PTSD symptoms include nightmares, panic attacks and general anxiety.

19.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

20.     Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

21.     Alliance is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

22.     Alliance is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

23.    Bella Nova is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by Fla. Stat. § 559.55(6).

24.    Bella Nova is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

25.    Plaintiff is a natural person allegedly obligated to pay a debt.

26.    Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, homeowner's association fees on a personal residence to Bella Nova (the "Debt").

27.    Alliance uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

28.    Alliance regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

29.    Plaintiff made timely payments on the quarterly dues Bella Nova assessed to him throughout 2017.

30.    In or around December 2017, Plaintiff's wife attempted to set up an automatic payment plan whereby Plaintiff's bank would automatically remit timely payments to Bella Nova as its fees were assessed to Plaintiff.

31.    Both Plaintiff and his wife believed that the automatic payment plan had been set up.

32. Upon information and belief, the payment plan was not successfully set up, and Plaintiff fell behind on his association fees.

33. Upon information and belief, Bella Nova never informed Plaintiff that it forwarded his account to collections and that Alliance was now in charge of collecting Plaintiff's Debt.

34. In or around early August 2018, Plaintiff communicated with Bella Nova via telephone regarding a past due balance.

35. During the call, Bella Nova told Plaintiff that he could make payments to it, and that it would apply those payments to the Debt.

36. For the purpose of attempting to collect the Debt, Alliance sent Plaintiff a written communication dated August 14, 2018.

37. A true and correct copy of Alliance's August 14, 2018 letter is attached as Exhibit A.

38. Alliance's August 14, 2018 letter informed Plaintiff that he had a total outstanding debt of $725.51 originally due to Bella Nova. Exhibit A.

39. Wanting to rectify the situation promptly, Plaintiff paid Bella Nova $300.00 on August 29, 2018.

40. Plaintiff then sent an email to Alliance two days later requesting a payment plan to bring his account current.

41. In an email sent on September 13, 2018, Alliance informed Plaintiff that it would give him until October 3, 2018 to pay off the balance of the Debt in full or else it would file a lien against his property, thus beginning foreclosure proceedings on Plaintiff's home.

42.     Plaintiff paid off the remaining balance of the Debt in conformity with the payment plan on October 1, 2018.

43.     Despite Plaintiff paying off the full balance of the Debt, Alliance sent Plaintiff a written communication dated October 11, 2018, stating his Bella Nova account was delinquent.

44.     A true and correct copy of Alliance's October 11, 2018 letter is attached as Exhibit B.

45.     Alliance's October 11, 2018 letter states it filed a claim of lien against Plaintiff's property because he had "not paid the **Quarterly** assessment to Bella Nova." Exhibit B (emphasis in original).

46.     Alliance's October 11, 2018 letter also states that the amount of the Debt increased to $1,294.55. *Id.*

47.     Alliance filed two separate claims of lien against Plaintiff's property on October 12, 2018 to begin the process of foreclosing on Plaintiff's home.

48.     A true and accurate copy of Alliance's claims of lien against Plaintiff's property is attached as Exhibit C.

49.     Alliance's two claims of lien each state that the total due through October 12, 2018 is $250.00, making the total cost to remove the liens $500.00. Exhibit C.

50.     In response, Plaintiff sent Alliance an email on October 22, 2018 explaining that he paid off the Debt.

51.     Thereafter, on February 15, 2019, Alliance sent Plaintiff a written communication which purported to validate the Debt owed to Bella Nova.

52.     A true and correct copy of Alliance's February 15, 2019 letter with supporting documents is attached as Exhibit D.

53.     Included with Alliance's February 15, 2019 letter were itemized ledgers from Bella Nova and Alliance. Exhibit D.

54.     Bella Nova's ledger indicates that it applied Plaintiff's $300 payment from August 2018, but does not show that it applied Plaintiff's $450 payment made on October 1, 2018. Exhibit D at 3.

55.     Alliance's ledger statement purports to show the amount of Plaintiff's alleged indebtedness for the Bella Nova account from the period of August 14, 2018 to February 1, 2019. Exhibit D at 4.

56.     Alliance's ledger statement stated that the total amount due as of September 30, 2018 was $428.01. *Id.*

57.     Alliance's ledger statement stated that the total amount due as of October 1, 2018 was $566.01, as it added $138 in Bella Nova dues for the month of October to the previous total, but did not apply Plaintiff's $450 payment. *Id.*

58.     Alliance's ledger statement stated that the total amount due as of October 10, 2018 was $1,294.55 after adding up all of the costs it allegedly incurred for filing claims of lien against Plaintiff's home. *Id.*

59.     Alliance charged Plaintiff $728.54 in total on October 10, 2018 for the preparation and recording of the claims of lien on his property. *Id.*

60.     The actual cost of recording the claims of lien with the Clerk of Court for Polk County is $10. Exhibit C.

61.     Therefore, Alliance significantly overcharged and falsely represented the compensation which it may lawfully receive for the collection of a debt. *See* 15 U.S.C. § 1692e(2)(B).

62.     Additionally, or in the alternative, by recording two separate liens against Plaintiff, Defendants caused Plaintiff to be charged two separate lien recording costs.

63.     As a result of Defendants' actions, Plaintiff's PTSD symptoms have worsened over the past 9 months.

64.     Due to the claims of lien Defendants filed on his home, Plaintiff is fearful that his home will be foreclosed on.

65.     Plaintiff's nightmares have increased in frequency and he has had to adjust the dosage of medication he takes due to Defendants' threat to foreclose on his home.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e
## ALLIANCE

66.     Plaintiff repeats and re-alleges each factual allegation above.

67.     The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts.  *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

68.     "[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Federal Home Loan Mortgage Corp.*

*v. Lamar*, 503 F.3d 504, 512 (6th Cir. 2007) (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)).

69.     Alliance used false, deceptive, or misleading means in connection with the collection of the Debt when it recorded a lien against Plaintiff's property after saying it would not do so in the event that Plaintiff paid off the balance of the Debt by October 3, 2018.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Alliance violated 15 U.S.C. § 1692e;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## ALLIANCE

70.     Plaintiff repeats and re-alleges each factual allegation above.

71.     The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts.  *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc*., 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative

history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

72.     Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt.  15 U.S.C. § 1692e(2)(A).

73.     Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA.  *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

74.     Alliance falsely represented the character, amount, or legal status of Plaintiff's Debt when it sent Plaintiff its October 11, 2018 Delinquent Assessment misstating that his debt was $1,294.55.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Alliance violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e(2)(B)**
**ALLIANCE**

75. Plaintiff repeats and re-alleges each factual allegation above.

76. Within this broad prohibition, the FDCPA specifically forbids the "false representation of—any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2)(B); *see West v. Costen*, 558 F. Supp. 564 (W.D. Va. 1983) (holding that defendants violated § 1692e(2)(B) because "there was no legal basis for imposing the service charges. Therefore the service charges were compensation which cannot be 'legally received'").

77. Per his payment plan with Alliance, Plaintiff paid off the remaining portion of the Debt on October 1, 2018.

78. Yet Alliance charged Plaintiff $728.54 in total on October 10, 2018 for the preparation and recording of the lien on his property while under the mistaken belief that Plaintiff still owed the Debt.

79. Though debt collectors are allowed to charge consumers for services rendered or compensation which may be lawfully received when it collects debts from consumers, they are not allowed to artificially inflate the amount that consumers owe for these services.

80. Alliance falsely represented the compensation it may lawfully receive by charging Plaintiff $728.54 for recording a lien against his property.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Alliance violated 15 U.S.C. § 1692e(2)(B);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692f
## ALLIANCE

81.     Plaintiff repeats and re-alleges each factual allegation above.

82.     The FDCPA also prohibits the use of unfair or unconscionable means to collect debts.  *See* 15 U.S.C. § 1692f.

83.     In addition to the non-exhaustive list of conduct that violates the FDCPA, § 1692f "allows a court to sanction improper conduct the FDCPA fails to address specifically." *Turner v. Professional Recovery Services, Inc.*, 956 F. Supp. 2d 573, 580 (D.N.J. 2013) (quoting *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996)).

84.     Alliance used unfair or unconscionable means in connection with the collection of the Debt when it recorded a lien against Plaintiff's property after saying it would not do so if Plaintiff paid off the Debt by October 3, 2018.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Alliance violated 15 U.S.C. § 1692e(2)(B);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692f(1)**
**ALLIANCE**

85.     Plaintiff repeats and re-alleges each factual allegation above.

86.     The Act also prohibits the use of unfair or unconscionable means to collect debts, including, but not limited to, the attempt to collect amounts to which the debt collector is not legally entitled to collect. *See* 15 U.S.C. §§ 1692f, 1692f(1).

87.     "The 'permitted by law' language of the FDCPA has been construed to mean 'an affirmative authorization, not just indulgent silence.'" *Champion v. Target Nat'l Bank*, No. 1:12-CV-4196-RLV, 2013 WL 8699367, at *10 (N.D. Ga. Apr. 15, 2013) (*quoting Shula v. Lawent*, No. 01 C 4883, 2002 WL 31870157, at *9 (N.D.Ill.Dec.23, 2002)).

88.     Debt collectors may not collect any amount if either "(A) state law expressly prohibits collection of the amount or (B) the contract does not provide for collection of the amount and state law is silent." *FTC Staff Commentary on the FDCPA*, 53 Fed. Reg. 50,097, 50,108 (Dec. 13, 1988)

14

89.     "[W]hen state law does not affirmatively authorize or prohibit service charges, a service charge may only be imposed if the customer expressly agreed to it in the contract which gives rise to the debt." *Weast v. Rockport Fin., LLC*, 115 F. Supp. 3d 1018, 1022 (E.D. Mo. 2015) (citing *Pollice v. Nat'l Tax Funding, L.P.,* 225 F.3d 379, 407–08 (3d Cir. 2000); *Tuttle v. Equifax Check,* 190 F.3d 9, 13 (2d Cir. 1999)).

90.     After Alliance filed a claim of lien against Plaintiff's property despite the fact he had already paid off the Debt, it charged Plaintiff $728.54 for, among other things, the preparation, recording, and mailing of the Claim of Lien. Exhibit D.

91.     Alliance violated 15 U.S.C. § 1692f(1) by collecting or attempting to collect an amount from Plaintiff that is not expressly authorized by the agreement creating the Debt nor permitted by law, including by charging Plaintiff $728.54 for the preparation, recording, and mailing of the Claim of Lien.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Alliance violated 15 U.S.C. § 1692f(1);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

## COUNT VI
## VIOLATION OF FLA. STAT. § 559.72(9)
## BELLA NOVA

92.     Plaintiff repeats and re-alleges each factual allegation above.

93.     Bella Nova knew, or should have known, that Plaintiff satisfied the terms of the payment plan on time because it received his payments prior to October 3, 2018.

94.     Bella Nova, through its agent, violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce the Debt despite knowledge that Plaintiff paid off the Debt, or asserting the existence of some other legal right despite knowledge that the right does not exist, including by attempting to collect $728.54 for the filing of two claims of lien after Plaintiff satisfied the terms of the payment plan, which is not allowed by law or expressly permitted by contract.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Bella Nova violated Fla. Stat. § 559.72(9);

b)  Awarding Plaintiff statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 559.77(2);

d)  Awarding Plaintiff punitive damages, pursuant to Fla. Stat. § 559.77(2);

e)  Awarding Plaintiff such equitable relief as the Court deems necessary or proper, including enjoining Bella Nova from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

f)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

Dated: September 30, 2019.

Respectfully submitted,

/s/ Alex D. Weisberg
Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206